## Commonwealth v. Cerquozzi

*Richard Gahr,* attorney for the Commonwealth. *Dennis Younkin,* for defendant.

BROWN, *J.,* October 22, 1991—

### BACKGROUND

Defendant is charged with several counts of public nuisance and zoning violations. A hearing was held on defendant's summary appeal on May 3, 1991. At the close of evidence presented by the prosecution, the court had to continue the hearing because of other scheduled matters. On May 6, 1991, the court administrator

sent a notice to the parties scheduling the continued hearing for September 3, 1991, at 3:30 p.m.

Apparently on the morning of September 3, 1991, the attorney for defendant called the attorney for the city of Williamsport, who was prosecuting this case, and reported that defendant could not appear for the hearing as he was at the Community Hospital in Lancaster, Pennsylvania for a CT-Scan of the back. The scan was scheduled for 10:30 a.m. and, according to defendant, the test was not completed until 1:00 p.m. Defendant thus did not appear at the time of the scheduled hearing and defendant's counsel requested a continuance. The court did not grant the continuance, but deferred ruling on such requiring defendant to submit an affidavit and medical reports.

The information submitted by defendant verifies that the CT-Scan was performed on September 3, 1991. The scan was done on a non-emergency basis and was scheduled for September 3rd as the first non-emergency time available for the test. Further investigation, whereby the court contacted the doctor's office, indicated that the test had been scheduled after the September 3rd hearing had been scheduled by the court administrator.

The court has seriously considered denying defendant's continuance request because this case has gone on for such a lengthy period of time. We note that neither counsel for the city nor the court had notice of this problem until the day of the scheduled hearing. At the least, defendant's actions were inconsiderate to the court and to the other party to this litigation. However, it may well be that defendant thought he could

attend the CT-Scan in the morning, and also appear in court in the afternoon, and that this plan became impossible when the morning test was delayed.

It is repugnant to decide a case without giving a party a chance to be heard. In light of the above possibility, we will not decide the case without giving defendant a chance to be heard and will continue the hearing in this case. Defendant, however, should bear some responsibility for the inconvenience to the city, including the appearance by its attorney at the time scheduled for the September 3, 1991, hearing. Since we estimate that the city solicitor expended approximately one hour on this matter on September 3, 1991. Defendant should pay his attorney's fee for this time expended. We would estimate an hourly fee of $80 and will require defendant to pay such fee to the city.

Accordingly, the following is ordered:

## ORDER

And now, October 22, 1991, the court hereby continues the summary appeal hearing. The court administrator should reschedule the hearing as soon as practicable. It is expected that one hour to one and one-half hours will be needed to complete the hearing.

For reasons expressed in the court's opinion, defendant should pay to counsel for the city of Williamsport the sum of $80 in attorney's fees for his failure to appear at or timely continue the prior hearing.